Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
Harrison J. Lynch (SBN 355139)
Harrison@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

*Attorneys for Plaintiff,*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

VICTOR ROPERO, individually and on behalf of others similarly situated,

Plaintiff,

vs.

DIN/CAL MANAGEMENT, INC.,

Defendant.

Case No: 3:26-CV-01270-TWR-JLB

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION, 47 U.S.C. § 227

JURY DEMAND

CLASS ACTION

## CLASS ACTION COMPLAINT

1. Plaintiff VICTOR ROPERO ("Plaintiff") brings this class action against Defendant DIN/CAL MANAGEMENT, INC. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

2. The Supreme Court may have said it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." Barr v. Am. Ass'n of Political Consultants (2020) 140 S. Ct. 2335, 2343.
3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 et seq ("TCPA").
4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Chapter 87A § 6101 to allow people to register their phone numbers with the Federal Trade Commission.
5. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call Registry.
6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" Van Patten v. Vertical Fitness Grp., 847 F.3d 1037, 1043 (9th Cir. 2016) (citations omitted) (emphasis in the original).

7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.95 billion robocalls & texts were placed in April 2025 alone, at a stunning rate of about 140 million per day.[1]

## NATURE OF THE ACTION

8. This is a putative class action brought pursuant to the TCPA.
9. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call Registry.
10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and the Class members, and any other available legal or equitable remedies.

## PARTIES

11. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
12. Defendant is a Texas limited liability company, with an office street address at 3411 Richmond Ave., Ste 500, Houston, TX 77046, and another office street address at 1010 S Coast Hwy 101, Ste. 106, Encinitas, CA 92024.
13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
15. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed

[1] Robocall Complaint Statistics, ROBOCALL INDEX, www.robocallindex.com (last accessed February 18, 2026).

by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

## FACTS

16. On or around June 12, 2025, Plaintiff registered his cell phone number ending in 0234 on the national Do-Not-Call Registry. The Do-Not-Call Registry forbids telemarketing calls and texts messages to individuals on the list without prior authorization.

17. Plaintiff uses his cell phone as his residential telephone.

18. On January 27, 2026, Plaintiff inquired about housing availability at one of the properties that Defendant owns and/or manages (The Paseo Place).

19. From January 27, 2026, through January 28, 2026, Defendant sent telemarketing text messages to Plaintiff from the number 844-913-3145. The messages, in part, are below:




20. The text messages identify Defendant's website and show that Defendant sent the messages or is otherwise responsible for them.

21. As demonstrated by the above screenshot, the purpose of the message Defendant sent was to advertise, promote, or market Defendant's property, goods, or services.

22. Prior to receiving the solicitation text message, Plaintiff gave authorization for Defendant to contact Plaintiff, however, as depicted above, Plaintiff later revoked the consent to be contacted by Defendant when Plaintiff clearly stated "Stop."

23. Defendant did not stop contacting Plaintiff.

24. On February 11, 2026, at around 10:13 AM, Defendant again sent a telemarketing text message to Plaintiff from the number 619-984-4927. The message is below:




25. The text messages identify Defendant and show that Defendant sent the messages or is otherwise responsible for them.

26. As demonstrated by the above screenshot, the purpose of the message Defendant sent was to advertise, promote, or market Defendant's property, goods, or services.

27. Plaintiff, again, told Defendant to cease contacting him by saying "Stop."

28. Defendant, again, did not stop. Defendant became more aggressive in its attempts to contact Plaintiff.

29. On February 11, 2026, at 11:05 AM, Defendant called Plaintiff on 619-714-2740 and left a voicemail for Plaintiff, less than one hour after the second time Plaintiff revoked consent to be contacted. In this attempt, however, Defendant acknowledged that they had received Plaintiff's withdrawal of consent to be contacted.

30. Below is a screenshot of the voicemail left on Plaintiff's phone:




31. The transcript above was automatically generated by Plaintiff's phone and acts a message preview.

32. The February 11, 2026, voicemail transcript contains some translation inaccuracies, but nonetheless sufficiently identifies Defendant by reference to the messages previously sent and shows that Defendant sent the messages or is otherwise responsible for them.

33. Plaintiff did not return Defendant's call nor renew consent to be contacted.

34. Defendant did not stop there.

35. On February 13, 2026, Defendant again contacted Plaintiff on the 2740 number.

36. Defendant again acknowledged that Plaintiff did not want to be contacted by Defendant in the voicemail.

37. Below is a screenshot of the voicemail left on Plaintiff's phone on February 13, 2026:




38. The transcript above was again automatically generated and is a message preview.

39. The February 13, 2026, voicemail transcript contains some translation inaccuracies, but nonetheless sufficiently identifies Defendant by reference to the messages previously sent and shows that Defendant sent the messages or is otherwise responsible for them.

40. The number that Defendant texted and called is assigned to Plaintiff's cell phone and is on the National Do-Not-Call Registry.

41. Defendant has clearly ignored Plaintiff's requests by continuing to contact Plaintiff after Plaintiff said "Stop." Plaintiff is at imminent risk of future harm by Defendant because Defendant has continued to contact Plaintiff after Plaintiff revoked consent

to be contacted. Defendant should be enjoined from contacting Plaintiff or class members in the future to prevent such future harms.

42. Upon information and belief, Defendant maintains or has access to outbound transmission reports for all text messages it sent that advertise or promote its services. These reports would show dates, times, target telephone numbers, and the content of each call or message sent to Plaintiff and Class members.

## STANDING

43. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See Spokeo, Inc. v. Robins (2016) 136 S.Ct. 1540, 1547; see also Van Patten v. Vertical Fitness Grp., 847 F.3d at 1043 (applying Spokeo to litigation brought under the TCPA for purposes of establishing Article III standing).

## CLASS ALLEGATIONS

44. Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated, pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States whose telephone numbers were listed on the National Do-Not-Call Registry and who, from four (4) years prior to the filing of this Complaint through the date of class certification, received one or more calls or text messages from Defendant, or from any person acting on Defendant's behalf, after revoking consent.

45. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

46. Defendant and its employees or agents are excluded from the Class.

///

///

## NUMEROSITY

47. Upon information and belief, Plaintiff believes the number of members in the Class are more than one hundred (100) individuals. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

48. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

49. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

50. Whether Defendant initiated telemarketing calls to people that listed their phone numbers on the National Do-Not-Call Registry.

51. Whether Defendant had prior express written consent to call or text them.

52. Whether Defendant is liable for damages, and the amount of such damages.

53. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts people whose number is listed with the National Do-Not-Call Registry, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

54. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

56. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF 47 U.S.C. § 227 et seq. AND 64.1200(c)

## (On Behalf of Plaintiff and the Class)

58. The foregoing acts and omissions of Defendant constitute negligent or willful violation of the TCPA, including 47 U.S.C. § 227 et seq, and implementing regulation 47 C.F.R. § 64.1200(c)(2).

59. No entity shall initiate any telephone solicitation to a residential telephone subscriber who has been registered on the National Do-Not-Call Registry under 47 C.F.R. § 64.1200(c)(2) without consent.

60. Defendant is an entity subject to 47 C.F.R. § 64.1200(c) by way of 47 C.F.R. § 64.1200(e).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers, such as Plaintiff and Class members, who registered their telephone numbers on the National Do-Not-Call Registry.

62. As a result of Defendant's negligent violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's knowing or willful violations of the law, Plaintiff and each member of the Class are entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and Class members the following relief against Defendant:

a. Certify the Class as requested herein;
b. Appoint Plaintiff to serve as the Representative of the Classes; and
c. Appoint Plaintiff's Counsel as Counsel of the Classes.

65. In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

a. An award of statutory damages for Plaintiff and each Class member as applicable under the TCPA;
b. An order declaring that Defendant's actions, as outlined above, violates the TCPA;
c. An award of attorney's fees, costs, and interest as allowed by applicable law; and,
d. Any other relief the Court may deem just and proper.

///

///

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

Respectfully submitted,

Date: April 8, 2026

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Date: April 8, 2026

**SHAY LEGAL, APC**

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com

*Attorneys for Plaintiff, and all others similarly situated*